## PROMISSORY NOTE AND SECURITY AGREEMENT

$217,300.00                                                                                         July 29, 2019

     FOR VALUE RECEIVED, the undersigned, FORT McINTOSH GROUP, LLC, a Pennsylvania limited liability company having an address at _____ _____ ("Fort McIntosh"), INGROSS FAMILY, LLC, a Pennsylvania limited liability company ("Ingross Family"), JEFFREY S. INGROS, an individual ("Jeff"), and ANNE H. INGROS, an individual ("Anne") (each a "Maker" and collectively the "Makers"), hereby jointly and severally, promise to pay to CARMINE FOGLIO, an individual (the "Payee"), having an address at 102 Prospect Drive, Pittsburgh, Pennsylvania 15229, or at such other place as the Payee may designate in writing from time to time, the principal amount of Two Hundred Seventeen Thousand Three Hundred and 00/100 Dollars ($217,300.00), together with interest accruing on the unpaid balance thereof until due. The interest rate on this Promissory Note and Security Agreement shall be an annual rate of interest equal to five percent (5%), or the maximum amount allowed by applicable law, whichever is less. Interest shall be computed on the basis of a year of three hundred sixty-five (365) days and the actual number of days elapsed.

     The Makers shall pay the principal sum of this Promissory Note and Security Agreement (this "Note") to the Payee at the address set forth above or as otherwise directed by the Payee hereof as follows: eighteen (18) months of interest only payments each month from September 1, 2019 through March 1, 2021 with the principal balance of Two Hundred Seventeen Thousand Three Hundred Dollars ($217,300) due in full on March 1, 2021. A payment schedule is attached to this Note as Exhibit "A".

     This Note may be prepaid in whole or in part at any time without penalty.

     The Makers shall pay a late payment charge of ten percent (10%) per month on any payment due hereunder which is not received within five (5) days after the date such payment is due. Further, the failure of the Makers to pay any installment of principal or interest when due, which has not been cured within five (5) days after receipt of notice from the Payee, shall constitute an Event of Default hereunder. Upon the occurrence of an Event of Default, the total unpaid amount due hereunder shall be accelerated and shall become immediately due and payable in full.

     As security for the prompt and full satisfaction of the outstanding principal balance of this Promissory Note and Security Agreement, all interest accrued hereon and all other sums due under this Promissory Note and Security Agreement, the Makers agree that the Payee shall have, and the Makers hereby grant to and creates in favor of the Payee, a first lien and security interest in all of the assets and rights of Fort McIntosh, whether now owned or existing or hereafter arising or acquired and wherever located, together with all substitutions, replacements and additions therefore or thereto and any all cash and non-cash proceeds thereof, including, but not limited to: (i) all of Fort McIntosh's machinery, equipment, tools, furniture, furnishings and fixtures (collectively, the "Equipment"); (ii) all of Fort McIntosh's inventory, including but not limited to, parts, supplies, raw materials, work in process, finished goods, materials used or consumed in Fort McIntosh's business (collectively, the "Inventory"); (iii) all of Fort McIntosh's accounts, accounts receivable, contract rights, chattel

paper, general intangibles, negotiable documents, notes, drafts and other forms of obligations and receivables arising from or in connection with the operation of Fort McIntosh's business (collectively, the "Receivables"); (iv) all of Fort McIntosh's operating authority certificates (collectively, the "Operating Certificates"); and (v) any and all real property of Fort McIntosh (collectively, the "Real Property"), whether Fort McIntosh's interest therein is owner, co-owner, lessee, consignee, secured party or otherwise; of that certain business now known as FORT McINTOSH GROUP, LLC, or any successor thereto or related company (collectively, the "Collateral"); some or all of which Equipment, Inventory, Receivables, Operating Certificates and Real Property may be more fully described in Schedules set forth at the end of this Promissory Note and Security Agreement attached hereto and made a part hereof.  The security interest granted to the Payee by this Promissory Note and Security Agreement shall be a first priority security interest in the Collateral prior and superior to the rights of all third parties in the Collateral, subject only to pre-existing security rights in and to the Collateral as of the date hereof.  The Makers agree that they shall not, without the prior written consent of the Payee, (i) move the location of the Collateral from its current location; (ii) sell, lease or otherwise dispose of the Collateral outside the ordinary course of business; (iii) grant or create or permit to attach or exist any mortgage, security interest, lien, judgment, or other encumbrance of or in any of the Collateral or any portion thereof.  The Makers agree that they shall (i) preserve and protect the Payee's security interest in the Collateral; (ii) insure the Collateral against such risk in such amount and with such insurance companies as is ordinarily carried by business entities similarly situated; (iii) maintain the Collateral in its present condition, reasonable wear and tear excepted.  In addition to all rights and remedies given to the Payee by this Promissory Note and Security Agreement, the Payee shall have all the rights and remedies of a secured party under the Uniform Commercial Code (the "Code").  The parties hereto agree that this Promissory Note and Security Agreement constitutes a security agreement under the Code.  The Makers agree from time to time at the request of the Payee to file or record, or cause to be filed or recorded such instruments, documents or notices including assignments, financing statements and continuation statements as the Payee may deem necessary or advisable from time to time in order to perfect, to continue perfected and to preserve the priority of such lien and security interest.

In addition to the above security, the Makers shall also grant the following security:

(1)    The Mortgage on that certain property located in Sarasota, Florida. Makers shall take all steps necessary to execute the Mortgage attached hereto as <u>Exhibit "B"</u>.  The failure to so execute and record said Mortgage is an immediate event of default.

(2)    The Mortgage on that certain property located at 295 Third Street, Beaver, Pennsylvania 15009.

(2)    Makers shall take all steps to collaterally assign their rights in and to Policy Number: 206113101US to Payee pursuant to that certain Assignment of Life Insurance Policy as Collateral attached as <u>Exhibit "C"</u>.  The failure to so execute said collateral assignment is an immediate event of default.

(3)    Makers shall execute that certain Pledge Agreement attached hereto as <u>Exhibit "D"</u> hereto, pledging all of their rights in and to INGROS FAMILY, LLC.

2

Upon the occurrence of any one of the following events ("Events of Default"), the entire principal amount outstanding and all accrued interest thereunder shall at the option of the Payee, without any prior notice, presentment or demand, become immediately due and payable in full:

    (i)    Failure of the Makers to make any interest payments or principal payment(s) and the continuation of such failure for a period of five (5) days; or

    (ii)    Failure of the Makers to perform or observe any of the Makers' covenants or agreements under this Promissory Note or any other agreements between the Makers and the Payee; or

    (iii)    An assignment by the Makers for the benefit of the Makers' creditors, or the commencement by or against the Makers of any bankruptcy, insolvency, liquidation, receivership or similar proceedings.

In addition to the rights and remedies given it by this Promissory Note and Security Agreement, the Payee shall have all those allowed by applicable laws, including without limitation, the Uniform Commercial Code. The rights and remedies of the Payee are cumulative and recourse to one or more right or remedy shall not constitute a waiver of the others. The Makers shall be liable for all reasonable costs, expenses and attorneys' fees incurred by the Payee in connection with the collection of the indebtedness evidenced by this Promissory Note and Security Agreement, or evolved by any other security agreement or mortgage.

The Payee may, without notice and without releasing the liability of the Makers, grant extensions and/or renewals hereof from time to time or for any term or terms. No delay by the Payee or their assignee in exercising any power or right hereunder, and no partial exercise of such power or right, shall operate in any way as a waiver of any subsequent exercise thereof. The Payee shall not be liable for or prejudiced by failure to collect or lack of diligence in bringing suit on this Promissory Note and Security Agreement or any renewal or extension hereof. This Promissory Note shall be governed and construed under the laws of the Commonwealth of Pennsylvania. Any and all disputes relating to this Promissory Note and Security Agreement shall be handled in the State or Federal courts situated in Allegheny County, Commonwealth of Pennsylvania, and the Makers consent to this jurisdiction. Demand, presentment, protest, notice of dishonor and notice of default are hereby waived. If any provision of this Promissory Note and Security Agreement shall for any reason be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Promissory Note, but this Promissory Note and Security Agreement shall be construed as if this Promissory Note and Security Agreement had never contained the invalid or unenforceable provision. The Makers agree that their liability hereunder shall be binding upon their personal representatives, successors and assigns; provided, however, that the Makers may not assign or transfer their obligation hereunder without the prior written consent of the Payee. The Makers further acknowledge and agree that their obligations are joint and several.

If there shall occur any event of default, the Payee, without any notice whatsoever to the Makers, may declare the unpaid principal of and accrued interest owing upon this Promissory Note and Security Agreement and all other indebtedness owed by the Makers to

the Payee to be immediately due and payable and, upon any such declaration, such principal and interest shall become and be forthwith due and payable without further notice, presentment, or demand of any kind, all of which are hereby expressly waived by the Makers.

Whenever there shall be a default hereunder and the unpaid principal and accrued interest hereof become due and payable and remain unpaid, the amount thereof shall bear interest at a rate of ten percent (10%) per annum in excess of the rate set forth above.

THE MAKERS HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD UPON THE OCCURRENCE OF ANY EVENT OF DEFAULT IN THIS PROMISSORY NOTE AND SECURITY AGREEMENT TO APPEAR FOR AND CONFESS JUDGMENT AGAINST THE MAKERS IN FAVOR OF THE PAYEE IN ANY SUCH COURT (A) IN ANY ACTION OF REPLEVIN INSTITUTED BY THE PAYEE, TO OBTAIN POSSESSION OF ANY OF THE COLLATERAL PROVIDED FOR IN THIS PROMISSORY NOTE AND SECURITY AGREEMENT, AND/OR (B) FOR SUCH SUMS AS SHALL HAVE BECOME DUE UNDER THIS PROMISSORY NOTE AND SECURITY AGREEMENT, WITH OR WITHOUT STAY OF EXECUTION AND WITH REASONABLE ATTORNEYS' FEES ADDED FOR COLLECTION IN AMOUNT NOT MORE THAN THE GREATER OF TWENTY PERCENT (20%) OF THE TOTAL INDEBTEDNESS OR AS OTHERWISE PERMITTED BY LAW. THE MAKERS ALSO WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME, AUTHORIZES THE PROTHONOTARY OR CLERK OF COURT TO ENTER UPON THE WRIT OF EXECUTION SAID VOLUNTARY CONDEMNATION, AND AGREE THAT SAID REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION, AND ALSO, TO THE EXTENT PERMITTED BY LAW, WAIVE AND RELEASE ALL RELIEF FROM ANY AND ALL APPRAISEMENT, STAY OR EXEMPTION LAW OF ANY STATE NOW IN FORCE OR HEREAFTER ENACTED. IF A COPY OF THIS PROMISSORY NOTE AND SECURITY AGREEMENT, VERIFIED BY AFFIDAVIT OF THE PAYEE OR SOMEONE ON BEHALF OF THE PAYEE SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE AN ORIGINAL OF THIS PROMISSORY NOTE AND SECURITY AGREEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT AGAINST THE MAKERS SHALL NOT BE EXHAUSTED BY ONE OR MORE EXERCISES THEREOF OR BY ANY IMPERFECT EXERCISE THEREOF AND SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT THERETO; THE AUTHORITY AND POWER MAY BE EXERCISED ON ONE OR MORE OCCASIONS, FROM TIME TO TIME, IN THE SAME OR DIFFERENT JURISDICTIONS, AS OFTEN AS THE PAYEE SHALL DEEM NECESSARY OR DESIRABLE, FOR ALL OF WHICH THIS PROMISSORY NOTE AND SECURITY AGREEMENT SHALL BE A SUFFICIENT WARRANT.

THE MAKERS HEREBY IRREVOCABLY CONSENT TO THE NONEXECLUSIVE JURISDICTION OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY AND THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, AND WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS UPON THEM AND CONSENT TO ALL SUCH SERVICE OF PROCESS BEING MADE BY CERTIFIED OR REGISTERED MAIL DIRECTED TO THE MAKERS AT THE ADDRESS PROVIDED FOR IN THE FIRST PARAGRAPH HEREOF, AND SERVICE SO MADE SHALL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT THEREOF. THE

MAKERS WAIVE ANY OBJECTION TO JURISDICTION AND VENUE OF ANY ACTION INSTITUTED AGAINST THE PAYEE AS PROVIDED HEREIN AND AGREE NOT TO ASSERT ANY DEFENSE BASED ON LACK OF JURISDICTION OR VENUE.

EACH OF THE MAKERS AND THE PAYEE WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON AND ARE RELATED TO THE SUBJECT MATTER OF THIS PROMISSORY NOTE AND SECURITY AGREEMENT OR ANY OF THE TRANSACTIONS RELATED TO THE PROMISSORY NOTE AND SECURITY AGREEMENT. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE MAKERS AND THE PAYEE, AND EACH ACKNOWLEDGES THAT NEITHER THEY NOR ANY PERSON ACTING ON BEHALF OF EITHER OF THEM HAS OR HAVE MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. EACH OF THE MAKERS AND THE PAYEE FURTHER ACKNOWLEDGE THAT EACH PARTY HAS BEEN REPRESENTED (OR HAS HAD THE OPPORUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS PROMISSORY NOTE AND SECURITY AGREEMENT AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND THAT EACH PARTY HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL. THE MAKERS AGREE THAT THE OBLIGATIONS EVIDENCED BY THIS PROMISSORY NOTE AND SECURITY AGREEMENT ARE EXEMPTED TRANSACTIONS UNDER THE TRUTH-IN-LENDING ACT, 15 U.S. SECTION 1601, ET SEQ.

This Promissory Note and Security Agreement shall bind the Makers and their personal representatives, successors and assigns, and the benefit hereof shall inure to the benefit of Payee and his heirs, personal representatives, successors and assigns.

WITNESS the due execution hereof under seal as of the day and year first above written.

ATTEST:

_____

MAKERS:

FORT McINTOSH GROUP, LLC

By: _____

Its: _____

*** SIGNATURES CONTINUE ON THE FOLLOWING PAGE ***

ATTEST: _____

WITNESS: _____

WITNESS: _____

WITNESS: _____

INGROSS FAMILY, LLC

By: _____

Its: _____

_____
JEFFREY S. INGROS

_____
ANNE H. INGROS

PAYEE:

_____
CARMINE FOGLIO

7

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

On this, the 29th day of July, 2019, before me, the undersigned authority, a Notary Public, in and for said County and Commonwealth, personally appeared JEFFREY S. INGROSS, who acknowledged himself to be a MANAGER of FORT McINTOSH GROUP, LLC, a Pennsylvania limited liability company, being authorized to do so, executed the foregoing Promissory Note and Security Agreement for the purposes therein contained by signing the name of the limited liability company as the MANAGER.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

MY COMMISSION EXPIRES:

Commonwealth of Pennsylvania - Notary Seal
Marianna S. Oliverio, Notary Public
Allegheny County
My commission expires May 22, 2022
Commission number 1187430
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

On this, the _29th_ day of _July_, 2019, before me, the undersigned authority, a Notary Public, in and for said County and Commonwealth, personally appeared _JEFFREY S. INGROSS_, who acknowledged himself to be a _MANAGER_ of INGROSS FAMILY, LLC, a Pennsylvania limited liability company, being authorized to do so, executed the foregoing Promissory Note and Security Agreement for the purposes therein contained by signing the name of the limited liability company as the _MANAGER_.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Marianna S. Oliverio_
Notary Public

MY COMMISSION EXPIRES:

Commonwealth of Pennsylvania - Notary Seal
Marianna S. Oliverio, Notary Public
Allegheny County
My commission expires May 22, 2022
Commission number 1187430
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

On this, the 29th day of July, 2019, before me, a Notary Public, the undersigned officer, personally appeared JEFFREY S. INGROS, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing Promissory Note and Security Agreement, and acknowledged that he executed the same for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

MY COMMISSION EXPIRES:

> Commonwealth of Pennsylvania - Notary Seal
> Marianna S. Oliverio, Notary Public
> Allegheny County
> My commission expires May 22, 2022
> Commission number 1187430
> Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

On this, the 29th day of July, 2019, before me, a Notary Public, the undersigned officer, personally appeared ANNE H. INGROS, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing Promissory Note and Security Agreement, and acknowledged that she executed the same for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

MY COMMISSION EXPIRES:

> Commonwealth of Pennsylvania - Notary Seal
> Marianna S. Oliverio, Notary Public
> Allegheny County
> My commission expires May 22, 2022
> Commission number 1187430
> Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

On this, the 29th day of July, 2019, before me, a Notary Public, the undersigned officer, personally appeared CARMINE FOGLIO, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing Promissory Note and Security Agreement, and acknowledged that he executed the same for the purposes contained therein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Marianna S. Oliverio_
Notary Public

MY COMMISSION EXPIRES:

Commonwealth of Pennsylvania - Notary Seal
Marianna S. Oliverio, Notary Public
Allegheny County
My commission expires May 22, 2022
Commission number 1187430
Member, Pennsylvania Association of Notaries

EXHIBIT "A"

PAYMENT SCHEDULE

Principal: $217,300.00
Interest Rate: 5.00%
Total Interest Accrued: $16,297.50
Interest Payment Interval: Monthly
# of Payments: 18
Balloon Balance Due Feb 2, 2021: $217,300.00

| Pmt# | Date Due | Remaining Interest | Paid | Balance |
|---|---|---|---|---|
| 1 | August 1, 2019 | $16,297.50 | $905.42 | $15,392.08 |
| 2 | September 1, 2019 | $15,392.08 | $905.42 | $14,486.67 |
| 3 | October 1, 2019 | $14,486.67 | $905.42 | $13,581.25 |
| 4 | November 1, 2019 | $13,581.25 | $905.42 | $12,675.83 |
| 5 | December 1, 2019 | $12,675.83 | $905.42 | $11,770.42 |
| 6 | January 1, 2020 | $11,770.42 | $905.42 | $10,865.00 |
| 7 | February 1, 2020 | $10,865.00 | $905.42 | $9,959.58 |
| 8 | March 1, 2020 | $9,959.58 | $905.42 | $9,054.17 |
| 9 | April 1, 2020 | $9,054.17 | $905.42 | $8,148.75 |
| 10 | May 1, 2020 | $8,148.75 | $905.42 | $7,243.33 |
| 11 | June 1, 2020 | $7,243.33 | $905.42 | $6,337.92 |
| 12 | July 1, 2020 | $6,337.92 | $905.42 | $5,432.50 |
| 13 | August 1, 2020 | $5,432.50 | $905.42 | $4,527.08 |
| 14 | September 1, 2020 | $4,527.08 | $905.42 | $3,621.67 |
| 15 | October 1, 2020 | $3,621.67 | $905.42 | $2,716.25 |
| 16 | November 1, 2020 | $2,716.25 | $905.42 | $1,810.83 |
| 17 | December 1, 2020 | $1,810.83 | $905.42 | $905.42 |
| 18 | January 1, 2021 | $905.42 | $905.36 | $0.00 |

| Balloon | Date Due | Interest Due | Principal Paid | Remaining Due |
|---|---|---|---|---|
|  | February 1, 2021 | $0.00 | $217,300.00 | $0.00 |