# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> THE INGROS FAMILY LLC, <br><br> Debtor. <br><br> ──────────────────────────── <br><br> CARMINE FOGLIO, <br><br><br> Movant, <br><br> THE INGROS FAMILY LLC, <br><br> Respondent. | Bankruptcy No. 20-22606-CMB <br><br> Chapter 11 <br><br><br><br> Related Docket No. <br> Hearing Date: |

## AMENDED MOTION OF CARMINE FOGLIO FOR ADEQUATE PROTECTION PAYMENTS

AND NOW COMES, Carmine Foglio (the "Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and files this **AMENDED** *Motion for Adequate Protection Payments* (the "Motion"), and support thereof stating as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. Sections 362(d) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure (the "FRBP") 4001 and 9014 serve as the statutory predicates for the relief hereinafter requested.

## FACTUAL BACKGROUND

4. On or about September 04, 2020 ("Petition Date"), The Ingros Family LLC (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. The Debtor has remained as a debtor-in-possession in this Chapter 11 Case.

6. No Trustee has been appointed.

7. No Creditors' Committee has been appointed.

8. A meeting of creditors has been set for November 18, 2020 in this Chapter 11 Case.

9. The Debtor has its Chapter 11 Status Conference set for January 8, 2021.

10. The General Claims Bar Date is February 16, 2021.

*The Note*

11. Prior to the Chapter 11 Case, the Debtor together with Fort McIntosh Group, LLC ("Fort McIntosh") and Jeffrey S. Ingros and Anne H. Ingros (the purported "Equity Holders") together with Fort McIntosh, the "Makers') executed that certain Promissory Note and Security Interest dated July 29, 2019 in favor of the Movant, in the original principal amount of $217,300.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A.**

12. As security for the payment of all amounts due under the Note, the Movant obtained, *inter alia*, from the Debtor that certain Mortgage Dated July 29, 2019 for the original principal amount of $217,300.00, which was recorded in the Beaver County Recorder of Deeds at Instrument No. 3598263 on September 09, 2019 (the "Pennsylvania Mortgage"). A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

13. The Pennsylvania Mortgage encumbers the Debtor's singular piece of real property, an office building located 295 Third Street, Beaver, Pennsylvania 15009 (the "Trinity Office Building").

14. As additional security for the payment of all amounts due under the Note, the Movant obtained various security interests in property solely owned by the Equity Holders, including that certain Restricted Assignment of Life Insurance Polity as Collateral dated July 29, 2019 (the "Life Insurance Assignment") (a true and correct copy attached hereto as **Exhibit C**), and that certain mortgage interest in that certain piece of real property located at 6736 Approach Road, #4, Sarasota, Florida 34238 (the "Florida Mortgage")( a true and correct copy attached hereto as **Exhibit D**) dated July 16, 2019.

15. Importantly, this Court should be advised that in conjunction with the execution of the Note, Jeff and Anne Ingros also executed that certain Pledge Agreement dated July 16, 2019 ("Pledge Agreement")(a true and correct copy attached hereto as **Exhibit E**).

16. Paragraph 2(c) of the Pledge states that, upon any Event of Default under the Note, the Pledgee (Movant Carmine Foglio) will immediately (with no further notice required) have the right to exercise all voting and ownership rights that the Pledgors (Jeff and Anne Ingros) previously held in any of the Pledged Securities of The Ingros Family, LLC. It reads as follows:

> "Immediately and without further notice, upon the occurrence of an Event of Default, whether or not the Pledged Securities shall have been registered in the name of the Pledgee or its nominee, the Pledgee or its nominee shall have, with respect to the Pledged Securities, the right to exercise all voting rights as to all interests of Pledgors, and, as to all of the Pledged Securities, all other rights and all conversion, exchange, subscription or other rights, privileges or options pertaining thereto as if it were the absolute owner thereof, including, without limitation, the right to exchange any or all of the Pledged Securities upon the merger, consolidation, reorganization, recapitalization, or other readjustment of the issuer thereof, or upon the exercise by such issuer of any right, privilege, or option pertaining to any of the Pledged Securities, and, in connection therewith, to deliver any of the Pledged Securities to any committee, depository, transfer agent, registrar or any other designated agency upon such terms and conditions as it may determine, all without liability except to account for property actually received by it; but the Pledgee shall have no duty to exercise any of the aforesaid rights, privileges, or options and shall not be responsible for any failure to do so or delay in so doing."

Paragraph 2(c) of the Pledge Agreement.

17. At the same time that Movant is filing this Motion, the Movant is pursuing all avenues of legal recourse against the non-debtor Makers, including but not limited to exercising his rights to the equity of the Debtor, purported to be owned by Jeffrey and Anne Ingros.

18. If the Movant is the sole Equity Holder of the Debtor, this could dramatically change the course of this Chapter 11 Case.

\*\*\*

19. The Note required monthly interest-only payments of $905.42 due on the 1st of each month.

20. No payment on the Note was ever received.

21. As of the Petition Date, the monthly interest-only arrearages amount owed to Movant by the Makers pursuant to the Note was approximately $10,865.04 plus late fees of 10% per month plus any associated fees, including legal fees. Because the Note is in default, the remaining principal and interest payments have been accelerated. Therefore, as of the Petition

Date, the payoff balance due was at least $217,300 plus $10,856 of unpaid interest, plus late fees and attorneys' fees.

22. As a secured lender to the Debtor, the Movant is a party-in-interest in this Chapter 11 Case.

23. As of the date of this Motion, none of the Makers, including the Debtor, have made any post-petition payments on the Note.

24. The Movant does not know if there is any equity in the Trinity Office Building. Pursuant to the Debtor's Schedules (CM/ECF#1, filed on September 4, 2020), the Debtor values the Trinity Office Building in the total amount of $4.8 million. **Debtor's counsel informed me that the valuation was based on an income approach to valuation and not upon any actual bid for the property. He indicated he may receive a stalking horse bid that is lower, likely $4.2 million.**

25. The Debtor's Schedules also list various creditors as holders of a security interest in the Trinity Office Building.

26. First, the Debtor does not disclose a claim amount for the asserted 4th position secured creditor Advanced Solutions Consulting Company.

27. Second, if the value of the Trinity Office Building is only $4,200,000, the aggregate value of these secured claims exceed the value of the Trinity Office Building, leaving the Movant undersecured:

| Asserted Lien Position | Secured Creditors | Listed Scheduled Claim | Remaining Equity in Trinity Office Building |
|---|---|---|---|
| | | | $4,200,000 |
| 1st position | Ryan Sharbonno | $68,521 | $4,131,479 |
| 2nd postion | Enterprise Bank | $3,374,459 | $757,020 |
| 3rd position | Ryan Sharbonno | $578,730 | $178,290 |
| 4th position | Advanced Solutions Consulting Company | Unknown | - |
| 5th position | Carmine Foglio | $217,000 | -38,710 |
| | | | |
| TOTAL: | | $4,238,710 | |

28. It is unclear whether the Trinity Office Building is losing market value given the pandemic.

## RELIEF REQUESTED

29.　　Section 363(e) of the Bankruptcy Code entitles the Movant adequate protection of its interests in the Trinity Office Building, including payment for its use and compliance with the non-monetary terms of the Note and related loan agreements. Section 363(e) provides, in pertinent part:

> Notwithstanding any other provision of this section, at any time, on request of any entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

30.　　The Bankruptcy Code does not define "adequate protection" other than providing examples of acceptable forms of adequate protection, such as periodic cash payments, additional

liens, replacement liens, and the "indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

31. "Adequate protection of a secured creditor's collateral and its fallback administrative priority claim are tradeoffs for the automatic stay that prevent foreclosure on a debtors' assets: the debtor receives 'breathing room' to reorganize, while the present value of a creditor's interests is protected throughout the reorganization." *Bank of New York Trust Co. NA v. Pac. Lumber Co. (In re SCOPAC)*, 624 F.3d 274 (5th Cir. 2010) (citing *In re Stembridge*, 394 F.3d 383, 387 (5th Cir.2004)).

32. In *AMR Corporation, et al., Debtors*, Case No. 12-3967, 2013 WL 1339123 (S.D.N.Y. April 3, 2013), the United States District Court for the Southern District of New York acknowledged that to be granted relief from the automatic stay under 11 U.S.C. § 362(d), a secured creditor has the initial burden to show that there has been a decline—or at least a risk of decline—in the value of its collateral. Only then will the burden shift to the debtor to prove that the value of the collateral is not, in fact, declining.

33. On the other hand, for purposes of adequate protection under 11 U.S.C. § 363(e), the secured creditor need only establish the validity, priority or extent of its interest in the collateral. At that point, the debtor bears the burden of proof under § 363(e).

34. Here, the Debtor bears the burden to prove the value of the Trinity office Building.

35. Given the pandemic, it is likely that there is a decline in the value of the commercial building. See https://www.naiop.org/en/Research-and-Publications/Magazine/2020/Summer-2020/Business-Trends/Experts-Speak-on-COVID19s-Impact-on-Commercial-Real-Estate

36. The Debtor does not contest the Movant's validity, priority, or extent of his security interest or position in the Trinity Office Building.

37. It is the Debtor's burden of proof under Section 363(e) to demonstrate that the Movant is adequately protected.

38. Given the Debtor's continued use of the Trinity Office Building without the commensurate payment to Movant as required by the terms of the Note, the Movant has not been, and currently is not being, adequately protected.

39. The Debtor continues to enjoy the benefits of Note and the Trinity Office Building without providing Movant some form of protection, monetary or otherwise, to compensate Movant for such use. Also, it is unclear whether the market value of the Trinity Office Building is losing value given the pandemic and its impact on commercial properties.

40. Accordingly, the Movant submits the Court should require the Debtor to pay Movant, in accordance with the terms of the Note, all due and unpaid payments for the post-petition use of the Trinity Office Building which total $1,690 (pro rata September 4-30 plus October 1-31) and should condition the Debtor's continued use of the same on the Debtor's continuing performance of its obligations set forth in the Note as they come due.

WHEREFORE, Carmine Foglio requests an Order from this Honorable Court requiring the Debtor to make monthly adequate protection payments to Carmine Foglio in exchange for its continued use of the Trinity Office Building.

Date: November 5, 2020              Respectfully Submitted,

                                    BERNSTEIN – BURKLEY, P.C.

                                    By: /s/ Salene Mazur Kraemer
                                    Salene Mazur Kraemer, Esquire, PA I.D. # 86422
                                    707 Grant Street, Suite 2200
                                    Pittsburgh, PA 15219
                                    T: 412-456-8100
                                    F: 412-456-8135

                                    *Counsel for Carmine Foglio*