IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  THE INGROS FAMILY, LLC, | BANKRUPTCY NO. 20-22606-CMB |
| Debtor. | |
| | CHAPTER 11 |
| CARMINE FOGLIO, | |
| Movant, | HEARING DATE: 12/02/20 at 1:30 p.m. |
| vs. | RESPONSE DATE: 11/23/2020 |
| THE INGROS FAMILY LLC AND RYAN D. SHARBONNO, | Related to Doc. No.:  31, 36 |
| Respondents. | |

**RESPONSE OF RYAN D. SHARBONNO TO MOVANT'S AMENDED MOTION FOR ADEQUATE PROTECTION PAYMENTS**

AND NOW comes Ryan D. Sharbonno, by and through his counsel, Thomas E. Reilly, Esquire and Thomas E. Reilly, P.C., with the following Response to the Amended Motion filed by Carmine Foglio seeking adequate protection payments:

1. Based on the documentation submitted by Foglio, the mortgage claimed by Foglio on the interest of the Debtor suffers from the same infirmities as the mortgage filed by Enterprise Bank.  That is, both the Enterprise Bank mortgage and Foglio mortgage do not identify the owner of the real property.

2. Both Enterprise Bank and Foglio identify the purported mortgagors as "Ingros Family LLC".

3. The actual corporate name of the owner of the property is "The Ingros Family LLC".

4. To the extent that Foglio claims a secured interest in the property, Ryan D. Sharbonno asserts that the two Judgments entered by Ryan D. Sharbonno and a Federal Tax Lien represent the only obligations using the proper and correct corporate name of the Debtor as owner of the building.

5. To the extent that the failure to accurately identify the owner in the Foglio mortgage undermines the validity of the lien created by the mortgage, Ryan D. Sharbonno submits that Foglio is not entitled to adequate protection since it would lack an interest in the building.

6. To the extent that the mortgages filed by Enterprise Bank and Foglio create liens on the property notwithstanding the misidentification of the purported mortgagors, the Foglio mortgage would only be entitled to adequate protection to the extent of its interest in the property.

7. Subject to the resolution of the adversary proceedings at 20-2165-CMB and 20-2184-CMB, Ryan D. Sharbonno submits that the lien priority based upon Debtor's Schedules are as follows:

Ryan D. Sharbonno, Judgment at 2018-31137, Recorded May 3, 2018, $60,000

Enterprise Bank, Mortgage Recorded September 19, 2018 at 3579294, $3,179,000

Ryan D. Sharbonno, Judgment at 2018-33331, Recorded November 20, 2018, $460,000

Federal Tax Lien 2019-50011, Recorded March 27, 2019, $276,070.63 Foglio Mortgage Recorded September 9, 2019, $217,300.

8. Debtor's Schedules allege that the real property has a value of $4,800,000. However, the Enterprise Bank Proof of Claim alleges that the value of the property is $3,740,000.

9. Based upon the average of the Enterprise Bank stated value and the value identified in Debtor's Petition is $4,270,000, which is consistent with the value mentioned in the Foglio Motion.

10. As a consequence, the stated value of the liens preceding the Foglio mortgage exceed the value of the property.

11. Under 11 U.S.C. §506, the interest of Foglio does not attach to any value in the property and is accordingly an unsecured claim and not entitled to adequate protection.

WHEREFORE, Ryan D. Sharbonno, respectfully requests that the Court deny the Motion.

THOMAS E. REILLY, P.C.

By: /a/ Thomas E. Reilly
Thomas E. Reilly, Esquire
Pa. I.D. #25832
1468 Laurel Drive
Sewickley, PA 15143
(724) 933-3500
(724) 933-3505 (fax)
tereilly@tomreillylaw.com