IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>THE INGROS FAMILY LLC,<br><br>Debtor.<br>_____<br><br>ESTATE OF CARMINE FOGLIO.<br><br><br>Movant,<br><br>THE INGROS FAMILY LLC,<br><br>Respondent. | Bankruptcy No. 20-22606-CMB<br><br>Chapter 11<br><br>Related to Docket No. 36 & 48 |

**JOINT STIPULATION OF UNCONTESTED FACTS, FACTS IN DISPUTE, AND LEGAL ISSUES IN RESPECT OF THAT CERTAIN MOTION OF CREDITOR CARMINE FOGLIO[1] FOR ADEQUATE PROTECTION (CM/ECF#36)**

It is stipulated by and between the Parties that:

(1)    *This is an action for:* Determination of whether or not Movant is entitled to adequate protection pursuant to section 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and if yes, what type of Adequate Protection Movant is entitled to under section 361, with regards to the Estate of Carmine Foglio's security interest in the singular piece of real property located at 295 Third Street, Beaver, Pennsylvania 15009 (the "Trinity Building"). Enterprise Bank ("Enterprise") has filed an Objection to Carmine Foglio's Motion for Adequate Protection ("Enterprise Objection") which Enterprise Bank Objection is filed at Docket Entry Number: 43. The Debtor has filed a Response to the Motion, which response is filed at Docket Entry Number: 45.

---

[1] It is with regret that we inform the Court that Carmine Foglio passed away on December 10, 2020.  Ms. Kraemer now represents the Estate of Carmine Foglio.

(2)    ***Jurisdiction:*** This Court has jurisdiction under 28 U.S.C. §1334 (a). This is a core proceeding under 28 U.S.C. §157 (b)(2)(B).

(3)    ***The following facts are stipulated by the Parties and require no proof:***

a.    The Ingros Family LLC (the "<u>Debtor</u>") together with Fort McIntosh Group, LLC ("<u>Fort McIntosh</u>") and Jeffrey S. Ingros and Anne H. Ingros (the purported "<u>Equity Holders</u>") (together with the Debtor & Fort McIntosh, the "<u>Makers</u>") executed that certain Promissory Note and Security Interest dated July 29, 2019 in favor of the Movant, in the original principal amount of $217,300.00 (the "<u>Note</u>").

b.    The Movant holds a valid, perfected security interest in the Trinity Building as provided by that certain Mortgage Dated July 29, 2019 for the original principal amount of $217,300.00, which was recorded in the Beaver County Recorder of Deeds at Instrument No. 3598263 on September 09, 2019 (the "<u>Pennsylvania Mortgage</u>").

c.    Movant's Pennsylvania Mortgage on the Trinity Building is junior in lien, right, and priority to Enterprise's Open-End Mortgage and Security Agreement in the original principal amount of $3,179,000.00 which mortgage was recorded in the Office of the Recorder of Deeds of Beaver County Pennsylvania on September 19, 2018 at Instrument Number: 3579294 ("Enterprise <u>Mortgage</u>") and that certain Assignment of Rents in the original principal amount of $3,179,000.00 ("Enterprise <u>Assignment of Rents</u>") which Assignment of Rents was filed in the Office of the Recorder of Deeds of Beaver County Pennsylvania on September 19, 2018 at Instrument Number: 3580692.  The Enterprise Mortgage and Enterprise Assignment of Rents secure a certain Promissory Note executed and delivered by Debtor in favor of

Enterprise Bank, dated September 14, 2018, in the original principal amount of $3,179,000.00 ("Enterprise Note").

d.  Movant's Pennsylvania Mortgage on the Trinity Building is also junior in lien to two (2) judgment liens held by Ryan Sharbonno. The first judgment lien was entered on May 3, 2018 at Beaver County No. 2018-31137 in the amount of $60,000. The second judgment lien was entered on November 20, 2018 at Beaver County No. 2018-33331 in the amount of $460,000.

e.  The Movant holds a valid, perfected security interest in that certain Restricted Assignment of Life Insurance Policy as Collateral dated July 29, 2019 (the "Life Insurance Assignment").

f.  The Movant holds a valid, UCC-1 security interest in the assets of Fort McIntosh, LLC, which is now defunct and is thus valued at $0.

g.  As security for the Note, it was contemplated that Movant be granted a second position mortgage interest in that certain piece of real property located at 6736 Approach Road, #4, Sarasota, Florida 34238 (the "Florida Mortgage") dated July 16, 2019.  The Florida Mortgage has not yet been notarized or duly recorded by Movant.

h.  The amount due under the first position mortgage on the Florida home is $118,000.

i.  In conjunction with the execution of the Note, Jeff and Anne Ingros also executed that certain Pledge Agreement dated July 16, 2019 ("Pledge Agreement").  Paragraph 2(c) of the Pledge states that, upon any Event of Default under the Note, the Pledgee (Movant Carmine Foglio) will immediately (with no further notice required) have the right to exercise all

voting and ownership rights that the Pledgors (Jeff and Anne Ingros) previously held in any of the Pledged Securities of The Ingros Family, LLC.

j.  As of the date of this filing, no action has been taken to enforce the Pledge Agreement.

k.  The validity, accuracy and authenticity of the Pennsylvania Mortgage, the Life Insurance Assignment, the Pledge Agreement, the Enterprise Mortgage and the Enterprise Assignment of Rents, are not in dispute by the Debtor.

l.  As of the Petition Date, the Parties agree that the monthly interest-only arrearages amount owed to Movant by the Makers pursuant to the Note was approximately $3,600 plus late fees of 10% per month plus any associated fees, including legal fees. Because the Note is in default, the remaining principal and interest payments have been accelerated.  Therefore, as of the Petition Date, the payoff balance due was at least $217,300 plus $3,600 of unpaid interest or plus late fees and attorneys' fees to the extent provided for the in the Note

m.  The amount due and owing on the Note as of January 5, 2021, is $217,300 plus unpaid interest plus whatever fees and costs are provided for in the Note.

n.  Prior to the Petition Date, as a result of various events of default arising under the Note and Mortgage, on April 30, 2019 and August 5, 2020 ("Assignment of Rent Effectuation Dates"), Enterprise Bank sent notices to all tenants located at Debtor's Property that Enterprise Bank was effectuating its assignment of rents pursuant to the Enterprise Assignment of Rents, and that all rents were to be paid directly to Enterprise Bank.

o.  As of the Assignment of Rent Effectuation Dates, all rents have been paid directly by tenants to Enterprise Bank.

p.  The Pennsylvania Mortgage does not contain an assignment of rent provision.

(4) *Facts in Dispute:*

    a.   The amount of interest-only arrearages on the Note as of Petition Date.

    b.  The value of the Trinity Building.

    c.  The value of the Florida home.

    d.  The value of the Pledge of the Debtor's securities.

    e.  The value of the Life Insurance Assignment.

    f.  The validity of the Florida Mortgage.

    g.  Whether or not the value of the Trinity Building has declined since the Petition Date.

    h.  Whether or not the value of the Trinity Building has declined since the Motion for Adequate Protection was filed.

(5) *Issues of Law:*

    a.  Allocation of burden to establish adequate protection.

        i.  The Movant asserts that the Debtor bears the burden of establishing that a creditor has adequate protection. *See, e.g.* Rocco v. J.P. Morgan Chase Bank, Civil Action No. 05-0366, 2006 US Dist LEXIS 12850, at 10 (WD Pa Mar. 24, 2006); In re Cont'l Airlines, 146 BR 536, 539 (Bankr D Del 1992). The Movant would like an opportunity to brief this legal issue pertaining to burden. The Debtor agrees that the burden of proof is governed by *In Re Continental Airlines, 146 B.R. 536* (Bankr. D Del 1992). Under the Continental case, the Movant first has to show a decline in value. Additionally, the Movant is only entitled to adequate protection to the extent the collateral declined in value after the Motion for Adequate Protection was filed.

b.  Does Enterprise Bank's prepetition effectuation of the Enterprise Assignment of Rents remove the rents as an asset of Debtor's Estate and therefore preclude their use as a source of adequate protection payments  to Movant; <u>Commerce Bank v. Mt. View Village, Inc.,</u> 5 F.3d 24 (3rd Cir. 1993).  The Debtor agrees that the rents are not an asset of its Estate.

c.  The inclusion of the other collateral (Florida Home, Pledge Agreement and Life Insurance Assignment) in the adequate protection analysis pursuant to <u>In re Roe Excavating, Inc.,</u> 52 B.R. 439, 1984 Bankr. LEXIS 5079 (Bankr. S.D. Ohio 1984).

d.  The amount of periodic cash payments in the event that Movant is entitled to the same pursuant to 11 U.S.C. Section 363(e).

(6)  *Authorization:* My signature on this document authorizes the Parties and/or their attorney to examine all pertinent records and acknowledges that I have reviewed all documents and exhibits identified herein by all other parties and/or their attorney(s).

**Stipulated and Agreed by:**

BERNSTEIN – BURKLEY, P.C.

By: *<u>/s/ Salene Mazur Kraemer</u>*
Salene Mazur Kraemer, Esquire, PA I.D. # 86422
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: 412-456-8100
F: 412-456-8135

*Counsel for Estate of Carmine Foglio*

**Stipulated and Agreed by:**

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
ALEXANDER L. HOLMQUIST
PA I.D. #314159
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com

*Attorney for Debtor*

**Stipulated and Agreed by:**

*/s/ Joseph A. Fidler*
4091 Mt. Royal Blvd.
Allison Park, PA 15101
(412) 487-8173 (phone)
412 487-4622 (facsimile)
Email: JFidler@enterprisebankpgh.com

*Attorney for Enterprise Bank.*