# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement"), which is effective as of April 8, 2021 (the "Effective Date"), is made by and between Jeffrey S. Ingros and Anne H. Ingros (the purported "Equity Holders"), The Ingros Family LLC ("Debtor"), Fort McIntosh Group, LLC ("Fort McIntosh"), and Maria Foglio, as Executor for the Estate of Carmine Foglio (the "Estate") on the other hand.  Equity Holders and Estate are hereinafter collectively referred to as the "Parties."

## RECITALS

WHEREAS, The Debtor together with Fort McIntosh and the Equity Holders executed that certain Promissory Note and Security Interest dated July 29, 2019, in favor of the Carmine Foglio ("Foglio"), in the original principal amount of $217,300.00 (the "Note"); and

WHEREAS, the Estate holds a valid, perfected security interest in the singular piece of real property located at 295 Third Street, Beaver, Pennsylvania 15009 (the "Trinity Building") as provided by that certain Mortgage Dated July 29, 2019 for the original principal amount of $217,300.00, which was recorded in the Beaver County Recorder of Deeds at Instrument No. 3598263 on September 09, 2019 (the "Pennsylvania Mortgage"); and

WHEREAS, as security for the Note, it was contemplated that Foglio be granted a mortgage interest (the "Florida Mortgage") dated July 16, 2019, in that certain piece of real property located at 6736 Approach Road, #4, Sarasota, Florida 34238 (the "Florida Property"); and

WHEREAS, in conjunction with the execution of the Note, the Equity Holders also executed that certain Pledge Agreement dated July 16, 2019 ("Pledge Agreement"); and

WHEREAS, on September 4, 2020 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), at case number 20-22606-CMB (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court"); and

WHEREAS, as of the Petition Date, the Note payoff balance due was at least $217,300 plus $3,600 of unpaid interest or plus late fees and attorneys' fees; and

WHEREAS, on February 16, 2021, the Estate filed a proof of claim in the Bankruptcy Case assigned Claim No. 6 asserting an amount owed of $279,090 arising from obligations allegedly owed to Foglio under the Note (the "Proof of Claim"); and

WHEREAS, on November 5, 2020, Foglio filed a *Amended Motion of Carmine Foglio for Adequate Protection Payments* (the "Motion") in the Bankruptcy Case, seeking adequate protection payments pursuant to section 363 of the Bankruptcy Code; and

WHEREAS, on November 13, 2020, the Debtor filed a response to the Motion.

WHEREAS, Foglio initiated litigation against the Equity Holders and Fort McIntosh arising out their obligations to Foglio under the Note in the Court of Common Pleas of Beaver County, Pennsylvania, styled *Carmine Foglio v. Jeffrey Ingros, Anne Ingros, and Fort McIntosh, LLC*, Case No. 2020-32247. (the "State Court Litigation"); and

WHEREAS, Foglio passed away on December 10, 2020, and the probate Estate of Foglio was created; and

WHEREAS, Maria Foglio was appointed as executor of Foglio's Estate and she has full power and authority to bind the Estate in all things including but not limited, to the execution of this Agreement;

WHEREAS, the Parties engaged in negotiations that resulted in an amicable resolution of the Note, the Proof of Claim and all matters related thereto.

NOW, THEREFORE, for an in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, and intending to be bound legally hereby, the Parties agree as follows:

# AGREEMENT

1. **Recitals**. The foregoing recitals are incorporated herein by reference and are made a part hereof except that the Parties agree and acknowledge that the above referenced Recitals are not intended to be and are not a full recitation of the claims and/or defenses that the Parties have or may have against each other.

2. **General Representations**. The Parties hereby represent that they were and at all times remain fully and legally authorized and competent to execute, enter into and perform their obligations under this Agreement. The Parties further represent and warrant that their execution, entry into, and performance in accordance with this Agreement does not and will not violate any applicable law or agreement by which the Parties are bound.

3. **Settlement.**

   (a) In accordance with the terms of this Agreement, the Equity Holders shall pay to the Estate the total amount of $85,000.00 ("Settlement Payment").

   (b) The Settlement Payment shall be made by the Equity Holders by wire transfers within three (3) business days after Bankruptcy Court approval of the agreement. All payments shall be made payable to "Maria Foglio, Trustee of the Carmine Foglio Revocable Trust". The Parties shall file a motion to approve the settlement no later than **Monday, April 12, 2021.**

   (c) In accordance with the terms of this Agreement, the Equity Holders shall also pay to the Estate the total amount not to exceed of Three-Thousand Dollars ($3,000) ("Florida Property Payment") necessary to transfer title of the real property located at 6736 Approach Road, #4, Sarasota, Florida 34238 (the "Florida Property") and to list and sell the same or to assign the Florida Mortgage to the Estate or its representatives.

   (d) The Florida Property Payment shall be set aside immediately upon execution of this Agreement and maintained in the Lampl Law firm's clients' escrow account until reimbursement is requested in writing by the Estate or the Equity Holders with proof of expenses. The Lampl law firm

3

shall cut reimbursement checks to the Estate or the Equity Holders within three (3) business days of such valid request. The Estate must consent to any and all such reimbursements to the Equity Holders.

(e) The Equity Holders shall fully cooperate with the Estate to transfer the title to the Florida Property and cooperate with the Estates efforts to list and sell the same so that such a transfer to the Estate is consummated no later than **May 31, 2021.** The Equity Holders agree to complete all transfer paperwork, including but not limited to alerting their mortgage company, fulfilling mortgage company requirements for mortgage assumption if necessary, and paying for and securing a quitclaim deed provided that such payments do not exceed $3,000 as set forth in paragraph d above.

(f) The Equity Holders shall be pay any and all Home Owners' Association (HOA) dues that are due on or before May 1, 2021.

(g) The Estate shall fully cooperate with the Equity Holders including but not limited to working with the mortgage company to assume the Florida Mortgage and to secure the mortgage company's release of the Equity Holders from the Florida Mortgage. The release of the Equity Holders from the Florida Mortgage is a material term of the parties' agreement. To the extent the Equity Holders pay mortgage transfer expenses directly, the Equity Holders may submit a request to the Lampl Law firm to request reimbursement for the same, as contemplated in paragraph d above. The Equity Holders shall fulfill any and all requirements of the mortgage company and Sarasota County, Florida in order to consummate the transfer and any subsequent sale by the Estate of the Florida Property.

(h) If the Estate is not able to assume the mortgage, through no fault of the Equity Holders, the Estate may obtain a loan on its own to satisfy the mortgage. If for any reason the Florida Property cannot be transferred to the Estate, the Parties agree that a remaining sum of $112,825 shall be due and owing to the Estate and such balance must be paid upon the Equity Holders' sale of the Florida Property which the Equity Holders agree to effectuate immediately in the event that the Florida Property cannot be transferred.

(i) The Parties agree to continue the adjudication of the Motion for Adequate Protection until such time as the Florida Property has been fully transferred to the Estate. The Estate shall dismiss the Motion for Adequate Protection within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last.

(j) Within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last, the Estate shall withdraw its Proof of Claim in the Bankruptcy Case and mark the Pennsylvania Mortgage on the Trinity Building as satisfied.

(k) The Parties agree to stay the State Court Litigation until the Florida Property is fully transferred to the Estate. The Estate shall dismiss the State Court litigation in its entirety and satisfy all judgments within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last.

4. **Release of The Ingros Family LLC**. In consideration of the foregoing promises, and excepting all obligations under this Agreement, the Estate and its owners, representatives, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, executory, successors, and/or assigns forever release, discharge, and acquit The Ingros Family LLC, as well as their respective owners, representatives, affiliates, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, heirs, executors, administrators, attorneys, successors, and/or assigns, of and from any and all liability, claims, demands, rights, actions, causes of action, suits, debts, contracts, obligations, warranties (both express and implied), damages, costs, attorneys' fees, expenses, and all other claims of whatsoever nature that in any way arise out of or relate to Note, Proof of Claim, Pennsylvania Mortgage, Florida Mortgage, and Pledge Assignment.

5. **Release of Fort McIntosh Group, LLC**. In consideration of the foregoing promises, and excepting all obligations under this Agreement, the Estate and its owners,

representatives, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, executor, successors, and/or assigns forever release, discharge, and acquit Fort McIntosh Group, LLC, as well as their respective owners, representatives, affiliates, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, heirs, executors, administrators, attorneys, successors, and/or assigns, of and from any and all liability, claims, demands, rights, actions, causes of action, suits, debts, contracts, obligations, warranties (both express and implied), damages, costs, attorneys' fees, expenses, and all other claims of whatsoever nature that in any way arise out of or relate to Note, Proof of Claim, Pennsylvania Mortgage, Florida Mortgage, and Pledge Assignment.

6. **Release of Jeffrey S. Ingros and Anne H. Ingros**. In consideration of the foregoing promises, and excepting all obligations under this Agreement, the Estate and its owners, representatives, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, executor, successors, and/or assigns forever release, discharge, and acquit Jeffrey S. Ingros and Anne H. Ingros, as well as their respective owners, representatives, affiliates, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, heirs, executors, administrators, attorneys, successors, and/or assigns, of and from any and all liability, claims, demands, rights, actions, causes of action, suits, debts, contracts, obligations, warranties (both express and implied), damages, costs, attorneys' fees, expenses, and all other claims of whatsoever nature that in any way arise out of or relate to Note, Proof of Claim, Pennsylvania Mortgage Florida Mortgage, and Pledge Assignment.

7. **Release of Estate of Carmine Foglio.** In consideration of the foregoing promises, and excepting all obligations under this Agreement, The Ingros Family LLC, Fort McIntosh Group, LLC, Jeffery S. Ingros and Anne H. Ingros, and their respective owners, representatives, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, executor, successors, and/or assigns forever release, discharge, and acquit Estate of Carmine

6

Foglio, as well as their respective owners, representatives, affiliates, agents, officers, shareholders, partners, directors, attorneys, employees, insurance carriers, heirs, executors, administrators, attorneys, successors, and/or assigns, of and from any and all liability, claims, demands, rights, actions, causes of action, suits, debts, contracts, obligations, warranties (both express and implied), damages, costs, attorneys' fees, expenses, and all other claims of whatsoever nature that in any way arise out of or relate to Note, Proof of Claim, Pennsylvania Mortgage, Florida Mortgage, and Pledge Assignment.

8. **Bankruptcy Court Approval.** This validity and enforceability of this Settlement is contingent upon Bankruptcy Court approval. The Parties shall file a Motion to Approve this Settlement within five (5) days of execution.

9. **Successors and Assigns.** This Agreement shall extend to and be binding upon the Parties hereto and their successors and assigns, and the terms, conditions and warranties of this Agreement and the documents referenced herein and executed in connection herewith shall survive closing and settlement of this transaction and shall continue in full force and effect until the entire indebtedness referenced herein is fully paid and satisfied.

10. **Consultation with Counsel of Choice.** The Parties hereby acknowledge and agree that they have had the opportunity to review this Agreement with counsel selected by each Party and, to the extent necessary, been provided a full and fair explanation of this Agreement and each Party represents and warrants that it has the capacity to enter into this Agreement and does so voluntarily, knowingly and willingly, with a full and complete understanding of each provision of this Agreement.

11. **Integration Clause.** The Parties hereto acknowledge and agree that the terms set forth in this Agreement and those terms set forth in the documents referred to herein, as well as any documents existing among and between the parties and those executed in connection herewith,

7

constitute the entire agreement of the parties. This Agreement shall not be modified except in a writing signed by all Parties.

12. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law, the Bankruptcy Code, and under the jurisdiction of the Bankruptcy Court. Should any provisions of this Agreement be held invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

13. **Miscellaneous Terms and Conditions.**

   (a) This Agreement may be executed in counterparts and may be delivered by facsimile or electronic mail. Any copy so executed and delivered, when taken with another executed copy, shall be considered and deemed an original hereof.

   (b) If any portion of this Agreement is found to be unlawful, invalid and/or unenforceable, said portion shall be considered independent and severable from the rest of this Agreement, the validity of which will remain unaffected and will remain binding on the Parties.

   (c) In the event any actions or proceedings of any type or kind shall occur in which this Agreement or its terms shall be reviewed, construed or brought into issue for any reason, the Parties agree that this Agreement shall be construed as if jointly written and typed by the Parties hereto.

   (d) Each of the undersigned acknowledges that he or she has executed this Agreement freely and voluntarily and with full authority to do so, after having carefully read all terms and conditions of the Agreement, having had such advice of counsel as he or she desires, having had the legal effect of the Agreement fully explained to his or her satisfaction by his or her counsel and being fully aware of the respective rights and obligations of the Parties hereunder.

(e) This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the Effective Date.

**[SIGNATURE BLOCKS FOLLOW ON NEXT PAGE]**

**ESTATE OF CARMINE FOGLIO**

By:_____

Name:_____

Title:_____

**JEFFREY S. INGROS**

By:_____

Name:_____

Title:_____

**ANNE H. INGROS**

By:_____

Name:_____

Title:_____

**THE FORT MCINTOSH GROUP, LLC**
By:_____

Name:_____

Title:_____

**THE INGROS FAMILY TRUST, LLC**
By:_____

Name:_____

Title:_____