# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> THE INGROS FAMILY LLC, <br><br> Debtor. <br> _____ <br><br> ESTATE OF CARMINE FOGLIO and THE INGROS FAMILY LLC, <br><br><br> Movants, <br><br> v. <br><br> No. Respondent. | Bankruptcy No. 20-22606-CMB <br><br> Chapter 11 <br><br><br><br> Related Docket No. <br> Hearing Date: |

**ORDER GRANTING JOINT MOTION OF ESTATE OF CARMINE FOGLIO AND DEBTOR THE INGROS FAMILY, LLC TO APPROVE SETTLEMENT OF CLAIM PURSUANT TO 11 U. S. C. § 105 AND FED. R. BANKR. P. 9019(a)**

## ORDER OF COURT

AND NOW, this ___ day of _____, 2020, upon consideration of the foregoing **JOINT MOTION OF ESTATE OF CARMINE FOGLIO AND DEBTOR THE INGROS FAMILY, LLC TO APPROVE SETTLEMENT OF CLAIM PURSUANT TO 11 U. S. C. § 105 AND FED. R. BANKR. P. 9019(a)** (the "Motion"[1]), it is hereby ORDERED, ADJUDGED and DECREED:

A. The Motion is GRANTED;

B. The Parties are hereby authorized and directed to settle and compromise the Proof of Claim and Adequate Protection Motion on the following material terms and as set forth fully in the Agreement attached to the Motion:

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. In accordance with the terms of the Agreement, the Equity Holders shall pay to the Estate the total amount of $85,000.00 ("Settlement Payment").

2. The Settlement Payment shall be made by the Equity Holders by wire transfers within three (3) business days after Bankruptcy Court approval of the agreement. All payments shall be made payable to "Maria Foglio, Trustee of the Carmine Foglio Revocable Trust". The Debtor shall file a motion to approve the settlement no later than Monday, April 12, 2021.

3. In accordance with the terms of the Agreement, the Equity Holders shall also pay to the Estate the total amount not to exceed of Three-Thousand Dollars ($3,000) ("Florida Property Payment") necessary to transfer title of the real property located at 6736 Approach Road, #4, Sarasota, Florida 34238 (the "Florida Property") and to list and sell the same or to assign the Florida Mortgage to the Estate or its representatives.

4. The Florida Property Payment shall be set aside immediately upon execution of this Agreement and maintained in the Lampl Law firm's clients' escrow account until reimbursement is requested in writing by the Estate or the Equity Holders with proof of expenses. The Lampl law firm shall cut reimbursement checks to the Estate or the Equity Holders within three (3) business days of such valid request. The Estate must consent to any and all such reimbursements to the Equity Holders.

5. The Equity Holders shall fully cooperate with the Estate to transfer the title to the Florida Property and cooperate with the Estates efforts to list and sell the same so that such a transfer to the Estate is consummated no later than May 31, 2021. The Equity Holders agree to complete all transfer paperwork, including but not limited to alerting their mortgage company, fulfilling mortgage company requirements for mortgage assumption if necessary, and paying for and securing a quitclaim deed provided that such payments do not exceed $3,000 as set forth in paragraph d above.

6. The Equity Holders shall be pay any and all Home Owners' Association (HOA) dues that are due on or before May 1, 2021.

7. The Estate shall fully cooperate with the Equity Holders including but not limited to working with the mortgage company to assume the Florida Mortgage and to secure the mortgage company's release of the Equity Holders from the Florida Mortgage. The release of the Equity Holders from the Florida Mortgage is a material term of the parties' agreement. To the extent the Equity Holders pay mortgage transfer expenses directly, the Equity Holders may submit a request to the Lampl Law firm to request reimbursement for the same, as contemplated in paragraph d above. The Equity Holders shall fulfill any and all requirements of the mortgage company and Sarasota County, Florida in order to consummate the transfer and any subsequent sale by the Estate of the Florida Property.

8. If the Estate is not able to assume the mortgage, through no fault of the Equity Holders, the Estate may obtain a loan on its own to satisfy the mortgage. If for any reason the

    Florida Property cannot be transferred to the Estate, the Parties agree that a remaining sum of $112,825 shall be due and owing to the Estate and such balance must be paid upon the Equity Holders' sale of the Florida Property which the Equity Holders agree to effectuate immediately in the event that the Florida Property cannot be transferred.

9. The Parties agree to continue the adjudication of the Motion for Adequate Protection until such time as the Florida Property has been fully transferred to the Estate. The Estate shall dismiss the Motion for Adequate Protection within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last.

10. Within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last, the Estate shall withdraw its Proof of Claim in the Bankruptcy Case and mark the Pennsylvania Mortgage on the Trinity Building as satisfied.

11. The Parties agree to stay the State Court Litigation until the Florida Property is fully transferred to the Estate. The Estate shall dismiss the State Court litigation in its entirety and satisfy all judgments within three (3) business days after the Settlement Payment has been made and the Florida Property has been completely transferred, whichever occurs last.

C. The Parties are authorized to take all further actions necessary to implement and effectuate terms of the Agreement. This Court retains jurisdiction with respect to all matters arising from or related to this Order.

    BY THE COURT:

_____
Carlota M. Böhm, Chief Judge
United States Bankruptcy Court